UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ASHWANEE KUMAR,
Petitioner,
v.
JEREMY CASEY, WARDEN,
Respondents.

Case No.: 26cv3725-LL-BJW

**ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**[ECF No. 9]**

Before the Court is Petitioner Ashwanee Kumar's ("Petitioner") Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 9 ("Petition"). Pursuant to the Court's Briefing Schedule (ECF No. 5), Respondents filed a Return and Petitioner filed a Traverse. ECF Nos. 10, 11. After due consideration and for the reasons below, the Court **DISMISSES** the petition.

## I. LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533

U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## II. ANALYSIS

Petitioner is a citizen of India who entered the United States without inspection in April 2024 to apply for asylum. Pet. at 2. Petitioner submitted an affirmative application for asylum on June 18, 2024, received a work permit, and began working as a truck driver. *Id*. Pet. at 3; *see also* Exh. A, Decl. of Ashwanee Kumar ("Kumar Decl.") ¶¶ 1-3. On December 17, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") at an immigration checkpoint while he was driving a truck on Highway 86 near Indio. Pet. at 3; Kumar Decl. ¶ 4. Petitioner states that "although I showed the agent my driver's license and told him I had a work permit, the agent detained me." Kumar Decl. ¶ 5. Petitioner further states that "[the agent] never gave [him] any paperwork or explained why he was detaining me." *Id.* Petitioner argues that "[b]ecause Mr. Kumar had a liberty interest in remaining out of custody while applying for asylum, Respondents violated due process by revoking their decision to release him." Pet. at 2. Petitioner seeks immediate release.

Upon the Court's review, the Court notes that Petitioner, represented by different counsel, filed a prior section 2241 petition in case number 26cv459-LL-AHG, arising from the same facts as the instant Petition. *Ashwanee v. Warden of Imperial Regional Detention Facility, et al.*, 26cv459-LL-AHG (Jan. 23, 2026), ECF No. 1. This Court granted in part the previous Petition because Respondents agreed that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). *Ashwanee v. Warden of Imperial Regional Detention Facility, et al.*, 26cv459-LL-AHG (Feb. 12, 2026), ECF No. 8. Accordingly, in

February 24, 2026, Petitioner received a bond hearing before an immigration judge who determined that Petitioner poses a flight risk and denied bond. Response at 1; *see also* ECF No. 10-1. Petitioner did not appeal his denial of bond in the previous Petition to the BIA.

Respondents argue in their Return that "Petitioner failed to exhaust administrative remedies or alternatively establish that an exception to the exhaustion requirement applies here." Return at 2.

As an initial matter, Petitioner does not mention his prior petition or his bond hearing in the renewed petition. *See generally* Pet. "A habeas petition is subject to summary dismissal when it is repetitive or duplicative." *Trevino Chautla v. Larose*, No. 3:26-CV-3102-JES-VET, 2026 WL 1596187, at *1 (S.D. Cal. June 2, 2026). Additionally, to the extent that Petitioner's argument is based on a purported liberty interest, the cases that Petitioner relies on are in the parole context, which Petitioner was not granted. *See generally* Docket. Therefore, the Court **DISMISSES** the Petition. The Clerk of Court shall enter judgment dismissing this matter without prejudice and shall close the case file.

**IT IS SO ORDERED.**

Dated: August 25, 2026

Honorable Linda Lopez
United States District Judge