UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ASHWANEE KUMAR,

Petitioner,

v.

JEREMY CASEY, WARDEN,

Respondents.

Case No.: 26cv3725-LL-BJW

**ORDER GRANTING MOTION TO RECONSIDER [ECF No. 13];**

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [ECF No. 9]**

Pending before the Court is Petitioner Ashwanee Kumar's ("Petitioner") Motion to Reconsider this Court's denial of his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 13 ("Motion to Reconsider"). Petitioner also filed a Notice of Supplemental Authorities in support of the Motion to Reconsider. ECF No. 14. After due consideration and for the reasons below, the Court **GRANTS** the Motion to Reconsider (ECF No. 13) and **GRANTS** Petitioner's Amended Petition (ECF No. 9).

## I. DISCUSSION

On January 23, 2026, Petitioner, represented by different counsel than in the operative Amended Petition and Motion to Reconsider, filed a habeas Petition challenging his detention. *Ashwanee v. Warden of Imperial Regional Detention Facility, et al.*,

26cv459-LL-AHG (Jan. 23, 2026), ECF No. 1. Petitioner's counsel in the first habeas Petition challenged his detention for two reasons: (1) "prolonged immigration detention without a constitutionally adequate bond hearing violates due process" and (2) that Petitioner was "detained pursuant to 28 U.S.C. § 1226(a)." *Id.* Petitioner's counsel in the first Petition did not raise a liberty-interest claim. This Court granted in part the first Petition because Respondents agreed that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). *Ashwanee v. Warden of Imperial Regional Detention Facility, et al.*, 26cv459-LL-AHG (Feb. 12, 2026), ECF No. 8. Accordingly, on February 24, 2026, Petitioner received a bond hearing before an immigration judge who determined that Petitioner poses a flight risk and denied bond. Response at 1; *see also* ECF No. 10-1.

On July 23, 2026, Petitioner, represented by different counsel than in his first Petition, filed an Amended Petition requesting that the Court order Petitioner's immediate release on the basis of a new liberty interest claim. ECF No. 8. On August 25, 2026, this Court dismissed Petitioner's Amended Petition as "repetitive or duplicative" of the first Petition and because the cases that Petitioner relied on in support of his liberty interest claim were in the context of parole. ECF No. 12. On August 26, 2026, Petitioner filed the instant Motion, asking this Court to reconsider its August 25, 2026 Order. ECF No. 13.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004) (citation omitted).

Here, Petitioner asks this Court to reconsider its decision because Petitioner "should not be punished for his prior counsel's ineffectiveness in bringing only a prolonged detention claim (for which the remedy is a bond hearing), rather than a liberty-interest claim (for which the remedy is immediate release)." ECF No. 13 at 2. Petitioner also argues that "although [Petitioner] was not officially granted parole, he had an equivalent liberty interest on the basis of Respondents' decision to allow him to affirmative[ly] apply for asylum while out of custody." *Id.* On October 27, 2026, Petitioner filed a Notice of

Supplemental Authority providing the Court with two new decisions issued in the past two months that support Petitioner's argument that "a noncitizen who has lived at liberty for years while his immigration case proceeds – pursuant to the Government's affirmative decision not to detain him – holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." ECF No. 14; *see Apollon v. Mullin*, No. 26cv4835-LL-JLB, 2026 WL 3153163 (S.D. Cal. Oct. 21, 2026); *see also Hernandez Mendez v. Mullin*, No. 26-cv-4890-JES-BJW, 2026 WL 3182367, at *1 (S.D. Cal. Oct. 23, 2026). After a careful review of the facts and arguments in Petitioner's Amended Petition, the Court hereby adopts the reasoning and analysis stated in this Court's recent Order in *Apollon v. Mullin*, that "even though Petitioner was not granted a form of affirmative parole by the government, many courts have found that noncitizens in similar circumstances as Petitioner – by making their presence known to the government and the government then deciding not to detain them – have a protectable liberty interest." *Id.* at *2. Accordingly, the Court finds that Petitioner is entitled to immediate release.

Accordingly, the Court **GRANTS** Petitioner's Motion for Reconsideration and **GRANTS** Petitioner's Amended Petition. The Court **ORDERS** that Petitioner be released immediately from detention, under appropriate conditions of supervision.

**IT IS SO ORDERED.**

Dated: October 28, 2026

Honorable Linda Lopez
United States District Judge